UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARIN CAPUTO,

                      Plaintiff,                      **PLAINTIFF DEMANDS
                                                                   A TRIAL BY JURY
         -against-                                                     **COMPLAINT**

THE CITY OF NEW YORK and
THE NEW YORK CITY POLICE DEPARTMENT

                      Defendants,
------------------------------------------------------------X

      The Plaintiff, above named, as and for his Complaint against the Defendants, by his attorneys, THE LAW OFFICES OF CLIFFORD J. STERN, LLC, upon information and belief, respectfully alleges:

### JURISDICTION

      1.     This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. The provisions of Section 33 of the Merchant Marine Act of 1920, 46 U.S.C. §688, commonly known as the Jones Act, 33 U.S.C.§901 et. sec., commonly known as the Longshore & Harbor Worker's Compensation Act and all the statutes amendatory and supplemental thereto are applicable in this section.

      2.     The Plaintiff is a citizen of the State of New York.

      3.     The Defendant THE CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation with offices within the State of New York and City of New York and incorporated under the laws of the State of New York, having their principal place of business in the State of New York.

4. The Defendant THE NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD") was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

5. The matter in controversy exceeds, exclusive of interests and costs, the sum of $150,000.00

## AS AND FOR A FIRST CAUSE OF ACTION

6. That at all times hereinafter mentioned, the Defendant CITY was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and doing business in the State of New York.

7. The Defendant NYPD was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

8. That upon information and belief, at all times hereinafter mentioned, the Defendants owned and operated a certain vessel known as TRACS Launch 1, which used by the NYPD Counterterrorism Division (hereinafter "the vessel") on which Plaintiff was aboard at the time of the accident.

9. That at all times hereinafter mentioned, Plaintiff, DARIN CAPUTO, was Detective employed by the NYPD Counterterrorism Division as a boat pilot and, as such, was a seaman on the vessel at the time of his accident.

10. That at all times hereinafter mentioned, the Plaintiff was in the course of his employment with the Defendants in his capacity as a member of the crew of the vessel.

11. That at all times hereinafter mentioned, the Defendants owned, managed, operated, controlled, inspected and repaired the aforesaid vessel.

12. That at all times hereinafter mentioned, the Defendants had possession of the aforesaid vessel, its gear and equipment.

13. That at all times hereinafter mentioned, the Defendants employed the master, officers, seamen and other crew members comprising the crew of the aforesaid vessel.

14. That at all times hereinafter mentioned, the Defendants provided the masters, officers, seamen, and other crew members comprising the crew of the aforesaid vessel.

15. That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation to furnish and provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent crew.

16. That on or about June 22, 2013, while in the course of his employment with the Defendant NYPD aboard the aforesaid vessel, owned and operated by Defendants, Plaintiff was caused to sustain serious injuries while affecting the rescue of two individuals from the East River, without the assistance of a competent crew, without any fault on his part and wholly and solely by reason of the negligence, recklessness and carelessness of the Defendants their agents, servants and/or employees, and by reason of their failure to provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent master, officers and seamen.

17. That the Defendants breached their duty to the Plaintiff DARIN CAPUTO, under 46 U.S.C. §688, otherwise known as the Jones Act.

18. As a result of the aforesaid, the Plaintiff DARIN CAPUTO, was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has been caused to undergo medical care and attention all to his damage in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)**.

## AS AND FOR A SECOND CAUSE OF ACTION

19. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "18" inclusive with the same force and effect as if hereinafter set forth at length.

20. That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation pursuant to 33 USC§905(b) to furnish and provide Plaintiff with a seaworthy vessel with safe ingress and egress, proper and sufficient tools, appliances, and a safe and competent master, officers and seamen.

21. That on or about June 22, 2013, while in the course of his employment with Defendants, the Plaintiff, DARIN CAPUTO, was aboard the aforesaid vessel, owned and operated by the Defendants, and was caused to sustain serious injuries, without any fault on the part of the Plaintiff, and wholly and solely by reason of the failure of the Defendants, their agents, servants and/or employees, to provide Plaintiff with a safe place to work and competent crew.

22.     As a result of the aforesaid, the Plaintiff DARIN CAPUTO was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to under medical care attention all to his damage in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)**.

## AS AND FOR A THIRD CAUSE OF ACTION

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained herein above in paragraphs "1" through "22" inclusive with the same force and effect as if hereinafter set forth at length.

24.     That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation pursuant to 33 USC §901 et seq, commonly known as the Longshore and Harbor Worker's Compensation Act, to furnish and provide Plaintiff with a seaworthy vessel with a competent crew, with safe ingress and egress, proper and sufficient tools and appliances and a safe and competent master, officers and seamen.

25.     That on or about June 22, 2013, while in the course of his employment with the Defendant NYPD aboard the aforesaid vessel, owned and operated by Defendants, Plaintiff was caused to sustain serious injuries while affecting the rescue of two individuals from the East River, without the assistance of a competent crew, without any fault on his part and wholly and solely by

reason of the negligence, recklessness and carelessness of the Defendants their agents, servants and/or employees, and by reason of their failure to provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent master, officers and seamen.

26. As a result of the aforesaid, the Plaintiff, was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to undergo medical care attention all to his damage in the sum of **FIVE MILLION ($5,000,000.00) DOLLARS**.

## AS AND FOR A FOURTH CAUSE OF ACTION

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained herein above in paragraphs "1" through "26" inclusive with the same force and effect as if hereinafter set forth at length.

28. Plaintiff DARIN CAPUTO is entitled to maintenance, cure and medical expenses for the period that he was and will be disabled and unable to work in the sum of **ONE MILLION DOLLARS ($1,000,000.00)**.

**WHEREFORE**, Plaintiff DARIN CAPUTO, demands judgment against the Defendant, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)** on the First Cause of Action; in the sum of **FIFTY MILLION**

**DOLLARS ($50,000,000.00)** on the Second Cause of Action; and in the sum of **FIVE MILLION DOLLARS ($5,000,000.00)** on the Third Cause of Action, and in the sum of **ONE MILLION DOLLARS ($1,000,000)** on the Fourth Cause of Action, together with costs and disbursements of this action.

Dated:    New York, New York
          June 24, 2015

                        Yours, etc.
                        **THE LAW OFFICES OF**
                        **CLIFFORD J. STERN, LLC**

                        By: _____
                            CLIFFORD J. STERN (4805)
                        *Attorneys for Plaintiff*
                        2 Park Avenue, 19th Floor
                        New York, NY 10016
                        (212) 813-1515

To:

THE CITY OF NEW YORK
One Center Street
New York, NY 10007